**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LESLEY GEAN DAHN,        )<br>    ID # 1767784,              )<br>        Petitioner,              )<br>vs.                                  )<br>                                       )<br>LORIE DAVIS,[1] Director,      )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent.          ) | No. 3:14-CV-2210-L (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I.  BACKGROUND

Lesley Gean Dahn (Petitioner) challenges his conviction for possession of a controlled substance in Cause No. F45329. The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

### A.    Factual and Procedural History

On April 28, 2011, the State indicted Petitioner for possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams (count one), and possession of a controlled substance, cocaine, in an amount of one gram or more but less than four grams (count two). (Doc. 11-6 at 15[2].) The indictment alleged two prior convictions for

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

enhancement. (*Id*.) The trial court denied Petitioner's motion to suppress after a hearing on October 25, 2011. (Doc. 11-6 at 48; doc. 11-12.) Pursuant to a plea agreement, Petitioner pleaded guilty to count one on January 26, 2012, and the State waived count two. (Doc. 11-6 at 59, 64; doc. 11-14.) He pleaded true to the enhancement allegations, and he received a sentence of 30 years' imprisonment. (Doc. 11-6 at 64.)

On direct appeal, Petitioner alleged that the trial court erred in denying his motion to suppress, and the judgment was affirmed. *See Dahn v. State*, 2012 WL 6084172, No. 10-12-00049-CR (Tex. App.–Waco, December 6, 2012). He filed a petition for discretionary review (PDR) on February 7, 2013, which was refused. *See Dahn v. State*, PD-083-12 (Tex. Crim. App. March 20, 2013). He did not file a petition for writ of certiorari with the Supreme Court.

He mailed a state habeas application on March 17, 2014, in which he stated the same claims raised in his federal petition. (Doc. 11-21 at 29, 40.) On May 14, 2014, the Court of Criminal Appeals denied the state habeas application on the trial court's findings. (Doc. 11-17); *see Ex parte Dahn*, No. WR-81,277-01 (Tex. Crim. App. May 14, 2014).

**B.** **Substantive Claims**

On June 11, 2014, Petitioner mailed his federal habeas petition raising the following grounds for relief:

(1) Denial of Fourth and Fourteenth Amendment rights (grounds one and two); and

(2) His trial attorney provided ineffective assistance of counsel by:

-failing to investigate rules and laws and coercing him into a plea agreement of 30 years with the right appeal the motion to suppress, instead of an offered agreement 25 years without the right to appeal the motion to suppress (ground three); and

-advising him to plead guilty even though the co-defendant stated in an affidavit that Petitioner had no knowledge of the contraband in the vehicle (ground four).

(Doc. 3 at 6-7, doc. 4.) Respondent filed a response on December 18, 2014, and provided the state court records. (Doc. 16.) Petitioner a reply brief on February 9, 2015. (Doc. 21.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. ILLEGAL SEARCH

Petitioner contends in his first and second grounds that the evidence was obtained by a search of his home without a warrant in violation of his rights under the Fourth Amendment, applicable to the states through the Fourteenth Amendment.

It is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an

4

opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976). If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628.

Here, Petitioner raised his Fourth Amendment claims at the trial level through a motion to suppress and on appeal. This ground is therefore barred from federal habeas review.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his third and fourth grounds, Petitioner claims that his trial counsel was ineffective by (1) failing to investigate rules and laws, and coercing him into a plea agreement of 30 years with the right appeal the motion to suppress instead of a plea agreement of 25 years without the right to appeal the motion to suppress, and (2) advising him to plead guilty even though the co-defendant stated in an affidavit that Petitioner had no knowledge of the contraband in the vehicle.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of

the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors. *Id.* at 695-96.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

**A.     Coerced Plea**

Petitioner contends counsel coerced him to enter a plea agreement. The state offered two options for a plea agreement: (1) a 30-year sentence with the right to appeal the denial of his motion to suppress, or (2) a 25-year sentence with a waiver of the right to appeal the suppression issue. Petitioner pled guilty pursuant to the 30-year offer. (Doc. 11-6 at 59.)

Petitioner contends he had the right to appeal the denial of his motion to suppress, and he did not need the trial court's permission to appeal. He appears to assert that counsel had him plead guilty to an extra five years of sentence in return for a right to appeal that he had regardless of the plea agreement.

6

When a defendant pleads guilty, he may appeal the denial of pretrial motions under Tex. R. App. P. 25.2(a)(2)(A). *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014). The right to appeal the denial of a pretrial motion followed by a guilty plea can be waived by the defendant as part of a plea agreement, however. *Id.*

Counsel submitted an affidavit in the state habeas matter. (Doc. 11-21 at 71.) The options for a plea agreement were a 25-year sentence with no appeal of the motion to suppress or a 30-year sentence with an appeal of the motion to suppress. (*Id.* at 72.) Counsel stated:

> [Petitioner], along with his co-defendant and the respective attorneys discussed this optional offer with each other at length. Neither the co-defendant's attorney nor I ever advised or suggested that either defendant plead to either optional offer. This decision was solely [Petitioner's] decision and I did not coerce or trick him in any way. I was prepared to go to trial and would have done so if [Petitioner] insisted. At the time of the plea, I went over with [Petitioner] the Felony Admonishments form prior to going before the Judge and pleading guilty. After thoroughly explaining this form to [Petitioner], he signed in several places indicating that he knew exactly what he was doing.

(*Id.*)

Petitioner has not shown counsel coerced him to plead guilty. He had several options: plead not guilty and go to trial; plead guilty without a plea agreement and appeal the denial of his motion to suppress; plead guilty with a plea agreement for a 30-year sentence and the ability to appeal the denial of the motion to suppress; or plead guilty with a plea agreement for a 25-year sentence with a waiver of the right to appeal the ruling on the motion to suppress. The state habeas court could have reasonably determined that Petitioner's decision to accept the 30-year offer was his own decision, and his plea was not coerced by counsel.

Additionally, at the plea hearing, Petitioner stated he was not threatened, forced, or coerced to plead guilty. (Doc. 11-14 at 4.) He was not promised anything to plead guilty. (*Id.*) His written

7

acceptance of the plea agreement included advisories about the range of punishment and his rights. (Doc. 11-14 at 5; doc. 11-6 at 1-3). He admitted his plea was voluntary. (Doc. 11-14 at 8.) He has not overcome the "strong presumption of verity" given to his sworn testimony and the "great weight" accorded to court documents. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Petitioner has not shown that the state court's resolution of this claim was an unreasonable application of federal law or an unreasonable determination of the facts. This ground for relief should be denied.

**B.     Co-defendant's Affidavit**

Petitioner contends his co-defendant executed an affidavit stating that Petitioner had no knowledge of the contraband in the vehicle, which was the basis of the offense. He asserts counsel nevertheless advised him to plead guilty and said that a jury would not believe the co-defendant.

Counsel's state habeas affidavit stated:

> I discussed with him the law on possession of controlled substances, (i.e., care custody, and control of the contraband), the law of parties, and the law concerning "knowledge" of the contraband. I further discussed with him what the State's evidence appeared to be, and his prior record. . . . The issue of [Petitioner's] knowledge was not clear cut. The alleged evidence . . . indicated that 4.7 grams of methamphetamine was found in the passenger's floorboard where [Petitioner] was sitting. Also, drugs were found in the center console. Could "knowledge" have been inferred by a jury? Possibly, possibly not. But, the decision to let a jury decide this issue was [Petitioner's], not mine. I placed no pressure on [Petitioner] to take the plea offer and I did not state to [Petitioner] that a jury would not believe him ….

> . . .
>
> I do not recall it being mentioned to me at any time, by [Petitioner] or co-defendant, that [Petitioner] had "no knowledge" of the contraband in the vehicle; even at that, it would not mean that the jury would believe the statement of the co-defendant. There was never a time when it was told to be by either [Petitioner] or co-defendant that the co-defendant would testify, under oath, about the "knowledge" issue, and say [Petitioner] had "no knowledge" of the contraband in the vehicle.

(Doc. 11-21 at 72-73.)

The state habeas court could have reasonably believed counsel and determined that Petitioner did not receive ineffective assistance regarding advice about the co-defendant's affidavit. Counsel stated he was unaware of the co-defendant's affidavit, he explained the law regarding knowledge of the contraband, and the decision to plead guilty was made by Petitioner. "In general, counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel." *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir.1997).

Petitioner has not shown that the state court's resolution of this claim was an unreasonable application of federal law or an unreasonable determination of the facts. This ground for relief should be denied.

## C. **Voluntariness of guilty plea**

To the extent the federal habeas petition can be construed as raising a claim that the guilty plea was involuntary due to ineffective assistance of counsel, the claim lacks merit.

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.),

9


*cert. denied*, 537 U.S. 874 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A guilty plea is invalid if the defendant does not understand the nature of the constitutional right that he is waiving or if he has an incomplete understanding of the charges such that his plea cannot be considered an admission of guilt. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995), *citing Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam).

As noted, Petitioner has not shown that he received ineffective assistance of counsel, and the plea documents and plea colloquy show his plea was voluntary. Petitioner has not shown that the state court's resolution of any claim of an involuntary plea was an unreasonable application of federal law or an unreasonable determination of the facts. Any ground for relief concerning the voluntariness of the guilty plea should be denied.

## IX. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.

## X. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO ORDERED** this 15th day of August, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE